IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TORACE D. PERRY, ) | |
| ) | |
| Movant, ) | 2:16-CV-8043-KOB |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION

The movant Torace D. Perry filed a motion to vacate, set aside, or correct his sentence on May 17, 2016,[1] contending that the court should vacate his conviction and sentence based on the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court struck down the "residual clause" in 18 U.S.C. § 924(e) of the Armed Career Criminal Act (ACCA) as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Mr. Perry urges this court to extend the holding in *Johnson* regarding the unconstitutionally vague "residual clause" in § 924(e) to invalidate the binding plea agreement he entered predicated on his belief that the ACCA would apply in his case. For the

---

[1] Pursuant to the prisoner "mailbox rule," the court deems the petition filed the date the petitioner signed it and purportedly delivered it to prison officials. *See Jeffries v. United States*, 748 F.3d 1310, 1313, 1314 (11th Cir. 2014).

1

following reasons, the court refuses to extend *Johnson* beyond its holding and finds that Mr. Perry's motion to vacate is untimely and due to be DENIED.

*Procedural History*

The Indictment charged Mr. Perry with being a felon in possession of a firearm in Count One pursuant to 18 U.S.C. § 922(g)(1), and with unlawfully possessing an unregistered sawed-off shotgun in Count Two pursuant to 26 U.S.C. § 5861(d). Mr. Perry pled guilty to only Count Two pursuant to a binding plea agreement on June 26, 2014. (Doc. 16 in 2:14-cr-131). As part of that binding plea agreement, the Government agreed to a sentence of 120 months imprisonment and to dismiss Count One at the time of sentencing. The plea agreement specifically states that Mr. Perry and the Government "intend to have the defendant plead guilty to Count 2 and receive a 10-year sentence rather than risk a mandatory 15-year sentence [under the ACCA], if convicted at trial under Count 1." (Doc. 16 at 4 fn 1 in 2:14-cr-131).

The court accepted the binding plea agreement, and on November 3, 2014, sentenced Mr. Perry to the agreed-upon 120 months imprisonment for Count Two; the Government dismissed Count One. (Doc. 22 in 2:14-cr-131). Because the plea agreement provided that the Government would dismiss the felon in possession charge under Count One, the Pre-sentence Report did not include a

2

recommendation that the court enhance Mr. Perry's sentence pursuant to the ACCA. (Doc. 20 in 2:14-cr-131 SEALED). Mr. Perry did not appeal his conviction or sentence to the Eleventh Circuit.

Mr. Perry filed his motion to vacate more than two years later under 18 U.S.C. § 2255(f)(3), which allows a petitioner to file a motion to vacate within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." He claims that the Supreme Court's decision in *Johnson* makes his conviction and sentence unconstitutional, and that the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016) made the *Johnson* holding retroactive to cases on collateral review.

Specifically, Mr. Perry alleges that his three prior Georgia burglary convictions that he claims the court determined to be violent felonies no longer qualify as such under the ACCA after *Johnson*. He also claimed that he instructed his counsel to file a direct appeal, but his counsel failed to do so. As such, he asked the court to allow a "belated appeal" and "restore [his] right to appeal" his case. (Doc. 1).

The court appointed counsel to represent Mr. Perry in this case and allowed his counsel to file an amended motion. (Docs. 2 & 3). In his "Amended Motion to

Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum in Support," his counsel incorporated Mr. Perry's ineffective assistance of counsel claim based on the failure to file a direct appeal and further explained that, after *Johnson*, Mr. Perry's burglary convictions no longer qualified as "crimes of violence" under either the force, enumerated offense, or residual clauses of § 924(e)(2)(B)(i) or (ii).

The court ordered the Government to show cause why it should not grant Mr. Perry the relief he seeks (doc. 9), and the Government responded; it argued that the decision in *Johnson* does not apply because Mr. Perry was not sentenced pursuant to the ACCA and *Johnson* provides no basis on which to invalidate the binding plea agreement. The Government also argued alternatively that *Johnson* was of no consequence because the Georgia burglary charges could still qualify as predicate offenses under the enumerated clause that the Supreme Court did not invalidate in *Johnson* (doc. 12).

The Government also argued that, because *Johnson* has no relevance to his claim of ineffective assistance of counsel for failure to file a direct appeal, that claim is untimely because Mr. Perry did not file it within one year after his conviction became final on November 17, 2014, as required by 28 U.S.C. § 2255(f)(1).

4

After reviewing the Government's response, the court ordered Mr. Perry to submit a reply. (Text Order, Doc. 13). Mr. Perry then submitted his reply to the Government's response. (Doc. 14). Unfortunately for Mr. Perry, *Johnson* does not apply to his case and his habeas motion is untimely.

*Discussion*

In *Johnson*, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e), unconstitutionally vague. Under the ACCA, a defendant convicted as a felon in possession of a firearm under 18 U.S.C. § 922(g) and who has three prior "violent felonies" or serious drug offense faces an enhanced mandatory minimum sentence of fifteen years. *See* 18 U.S.C. § 924(e)(1).

Section 924(e) defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause of the definition is the "elements clause," while the second clause contains the "enumerated crimes" and the "residual clause" for crimes that "otherwise" involve the "serious potential risk of

physical injury to another." *See Unites States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). The Supreme Court in *Johnson* found the "residual clause" of the ACCA "violent felony" definition unconstitutionally vague, but left in tact the "elements clause" and the "enumerated crimes." *Johnson*, 135 S. Ct. at 2563.

Mr. Johnson's reliance on *Johnson* as the basis for a timely habeas petition is misplaced. The holding in *Johnson* does not apply to Mr. Perry because the court did not sentence him under the residual clause or any part of the ACCA. Instead, Mr. Perry argues that the court should apply *Johnson* to invalidate his binding plea agreement because he entered it believing that the ACCA would apply and that he would face a mandatory minimum sentence of 15 years if the Government did not agree to dismiss Count One. However, the holding in *Johnson* does not extend its application to include invalidating a binding plea agreement based on the premise that the ACCA would apply, and this court will not do so.

Moreover, even assuming arguendo that *Johnson*'s holding somehow provided a means to attack his binding plea agreement, the holding in that case would still be of no consequence to Mr. Perry. Mr. Perry's burglary convictions under Georgia law at the time of his plea and today would qualify as "violent felonies" under § 924(e)'s enumerated clause, which was left unscathed by the

*Johnson* decision.

The enumerated clause specifically lists "burglary" as a "violent felony" under the ACCA, but not every burglary fits the bill. The state burglary statute at issue in the prior conviction must meet the elements of a "generic burglary." *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). At the time of Mr. Perry's plea and conviction, the Eleventh Circuit defined a "generic burglary" as "an unlawful entry into a building or other structure with the intent to commit a crime" and found that "Georgia's burglary statute [was] non-generic because it encompassed unlawful entry not just into buildings, but also into vehicles, railroad cars, and watercraft." *Bennett*, 472 F.3d at 832 (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990)). However, the Circuit Court found that the defendant's prior burglary convictions under the Georgia statute were violent felonies under the ACCA because "court documents indicated, consistent with the descriptions in the PSI, that at least four of Bennett's prior burglary convictions were for burglaries of either residential or commercial buildings," meeting the elements of a "generic burglary." *Bennett*, 472 F.3d at 833.

In 2016, two years after Mr. Perry's plea and conviction, the Eleventh Circuit again examined the 2011 Georgia burglary statute, Ga. Code Ann.§ 16-7-1, in *United States v. Gundy* and found that statute criminalized conduct that would

satisfy all the elements of a generic burglary.² However, the court in *Gundy* also found that Georgia's burglary statute at that time criminalized conduct "broader than the ACCA's generic definition of burglary" because it "encompassed not only unlawful entry into buildings or other structures, but also into vehicles, railroad cars, watercraft, or aircraft." *Gundy*, 842 F.3d at 1164-65.

The court in *Gundy* held that the "alternative locational elements" in the Georgia burglary statute are divisible, such that the court can use the "modified categorical approach" to determine whether the elements of a defendant's prior burglary convictions match the generic definition of burglary. 842 F.3d 1156, 1168 (11th Cir. 2016). Under that approach, the court can examine "'a limited class of documents (for example, the indictment, jury instructions or plea agreement and colloquy)'" to determine if a defendant's conviction met the generic definition of burglary under the ACCA. *Gundy*, 842 F.3d at 1168 (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)).

Under the analysis in either *Bennett* or *Gundy* to Mr. Perry's 2014 plea and conviction, all three of Mr. Perry's Georgia burglary convictions would have

---

² The 2011 version of the Georgia burglary statute, Ga. Code Ann. § 16-7-1, examined by the Eleventh Circuit in *Bennett* and *Gundy* is the same statute to which Mr. Perry pled guilty in his three counts of burglary in 1998. *See Gundy*, 842 F.3d at 1164 n.3; *see also* (Doc. 8 at 10-12). Georgia's burglary statute was amended on July 1, 2012, and had not been amended since 1980. *See* 2012 Ga. Laws 899; 1980 Ga. Laws 770.

qualified as violent felonies under the enumerated clause of the ACCA. The Presentence Report in Mr. Perry's criminal case states that the charging documents for those Georgia convictions indicate they were for burglaries of "*dwellings*" of individuals. *See* (Doc. 20 in 2:14-cr-131-KOB-SGC). Moreover, Mr. Perry attached the indictment for those Georgia burglary convictions to his amended motion to vacate; the indictment clearly charges Mr. Perry with entering "dwelling houses" of individuals with the intent to commit a theft. (Doc. 8 at 10-12).

Therefore, Mr. Perry's Georgia convictions would have qualified as violent felonies under the enumerated clause of the ACCA at the time of his plea and conviction and today. Nothing in *Johnson* would change that fact. Therefore, Mr. Perry's reliance on *Johnson* as the basis for a timely motion to vacate fails.

Also, Mr. Perry's ineffective assistance of counsel claim based on a failure to file an appeal is untimely. (Doc. 1 at 6). The holding in *Johnson* has no relevance to that ground for Mr. Perry's habeas motion and cannot serve as the basis to extend the limitations period for that ground under § 2255(f)(3). Because Mr. Perry did not file that claim in a habeas motion within one year of his conviction—by November 17, 2014— as required by § 2255(f)(1), that claim is time-barred. Moreover, Mr. Perry makes no argument that the court should apply equitable tolling for this claim, nor does the court see any ground in the record for

9

it to do so. As such, that claim is also time-barred.

So, the court finds that Mr. Perry is not entitled to relief from his sentence based on the Supreme Court's holding in *Johnson* and that his motion to vacate is untimely and should be denied.

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 5th day of September, 2019.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE